UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVA BERGER-ROTHBERG,

                Plaintiff,                                  **MEMORANDUM & ORDER**
                                                                       07-CV-1878 (RRM)(SMG)

      - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.
------------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

      Plaintiff Eva Berger-Rothberg ("Plaintiff") brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 296 *et seq.* ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 *et seq*. ("NYCHRL"), and New York State common law, asserting claims for hostile work environment, retaliation, and negligence against defendants the City of New York[1] and the New York City Department of Education ("DOE") ("Defendant"). On April 1, 2010, Defendant moved for summary judgment as to all claims. (Doc. No. 35.) On March 23, 2011, this Court granted in part and denied in part Defendant's motion for summary judgment, dismissing Plaintiff's state law negligence claim as barred by the New York State Workers' Compensation Law ("NYSWCL"). (Doc. No. 44.)

      Subsequent to the Court's Order, Plaintiff sought a pre-motion conference in anticipation of a motion to reconsider the dismissal of her negligence claim, explaining, for the first time, that New York City public school teachers are not covered by the NYSWCL. (Doc. Nos. 45 and 46.) Defendant concedes that Plaintiff is not covered by the NYSWCL, but argues that Plaintiff's

---

[1] The parties consented to the dismissal of all claims against the City of New York based on their agreement that Plaintiff's employer was the DOE, and not the City of New York.

negligence claim must still be dismissed as a matter of law. (Doc. No. 47.) For the reasons set forth below, Plaintiff's request for reconsideration is DENIED.

## STANDARD OF REVIEW

The standard for making a successful motion for reconsideration is stringent, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citations and internal quotation marks omitted)). A motion for reconsideration is not an opportunity to relitigate claims that have already been adjudicated. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d. Cir. 1998).

## DISCUSSION

A. Negligence Claim[2]

In its summary judgment reply brief, Defendant argued for the first time that the NYSWCL barred Plaintiff's negligence claims as a matter of law.[3] (*See* Defs.' Rep. in Further Supp. (Doc. No. 42) at 10 (citing *Torres v. Pisano*, 116 F.3d 625, 640 (2d Cir. 1997) (dismissing New York common law negligence claims arising out of sexual harassment lawsuit as barred by exclusive remedy provisions of the NYSWCL); *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128,

---

[2] The underlying facts and procedural history of this case are discussed at length in the Court's Memorandum and Order of March 23, 2011. (Doc. No. 44.) Here, the Court discusses only those facts relevant to the instant motion for reconsideration.

[3] Defendant did not make this argument in its opening brief, and therefore Plaintiff did not address whether she was covered by the NYSWCL in her opposition brief. This explains why Plaintiff did not advise the Court that public school teachers are exempt from the NYSWCL until she filed her motion for reconsideration.

2

138 (2d Cir. 2001) (same)). Plaintiff did not notify the Court that New York City public school teachers are exempt from the NYSWCL, and the Court dismissed her negligence claim in reliance on *Torres* and *Ferris*. The Court now reconsiders its decision in light of the fact that the NYSWCL does not cover New York City public school teachers. New York State Workers' Compensation Law § 3(1)(Group 20). As discussed below, however, the conduct complained of in this case constitutes discretionary government action, which cannot be a basis for liability.

A "public employee's discretionary acts – meaning conduct involving the exercise of reasoned judgment – may not result in the municipality's liability even when the conduct is negligent." *Lauer v. City of N.Y.*, 95 N.Y.2d 95, 99 (2000); *see also McLean v. City of N.Y.*, 12 N.Y.3d 194, 203 (2009) ("Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general."). According to the New York Court of Appeals, "discretionary . . . acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result." *Tango v. Tulevech*, 61 N.Y.2d 34, 41 (1983).

Here, Plaintiff alleges that school administrators negligently failed to take appropriate remedial action in response to her complaints of student harassment.[4] The administrators' actions during the investigation of these complaints and their decisions about how appropriately to remedy the situation were plainly discretionary, involving the exercise of reasoned judgment. *See, e.g.*, *Dawson v. Cnty. of Westchester*, 351 F. Supp. 2d 176, 200 (S.D.N.Y. 2004) (actions

---

[4] In certain circumstances, such as in cases of student-on-teacher harassment, "a Title VII claim may be established through proof of a defendant's mere negligence, without a showing of discriminatory intent." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 441–42 (2d Cir. 1999) (employer liable if negligent in responding appropriately to complaints of racial harassment by co-workers)); *see also Peries v. N.Y. City Bd. of Educ.*, 97-CV-7109 (ARR), 2001 U.S. Dist. LEXIS 23393, at *19 (E.D.N.Y. Aug. 6, 2001) (teacher allegedly harassed by students could prevail on hostile work environment claim if he was able to "show first that a hostile environment existed and second that the school board either provided no reasonable avenue of complaint or knew of the harassment and failed to take appropriate remedial action").

involving investigation of and response to plaintiff's complaints of a hostile work environment were discretionary, rather than ministerial). When deciding how to respond to complaints about student behavior, school administrators rely on their experience and judgment, rather than on "direct adherence to a governing rule or standard with a compulsory result." *Tango*, 61 N.Y.2d at 41; *see, e.g.*, *Dinardo v City of N.Y.*, 13 N.Y.3d 872, 877–78 (2009) ("The determination here as to whether and when to transfer a potentially dangerous student is undoubtedly within the discretion of the Board [of Education] and thus may not subject the Board to liability given the recent holding in *McLean*." (Lippman, C.J., concurring)); *Rivera v. Bd. of Educ. of the City of N.Y.*, 919 N.Y.S.2d 154, 156 (App. Div. 2011) (finding that the "decision to change a student's classroom placement is within the discretion of the Board of Education" where plaintiff was injured while attempting to restrain disruptive student whom she had previously requested be removed from her classroom (citing *Brady v. Board of Educ.*, 197 A.D.2d 655, 656 (N.Y. App. Div. 1993))). Such discretionary governmental acts cannot be the basis for a negligence claim, and Defendant is entitled to judgment as a matter of law. *See McLean*, 12 N.Y.3d at 203. Accordingly, Plaintiff's request for reconsideration is DENIED.

## **CONCLUSION**

For the reasons stated above, Plaintiff's request for reconsideration (Doc. Nos. 45 and 46) is DENIED. This matter is recommitted to the assigned Magistrate Judge for supervision of any settlement discussions, and all remaining pre-trial issues, including the preparation of a Joint Pre-Trial Order consistent with this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
      August 10, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge